IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 6:09-10053-001

KEITH A. PETERS,

    Defendant.

ORDER

Mr. Peters is an inmate at the United States Penitentiary in Leavenworth, Kansas, where he is participating in a 500-hour, nine-month Residential Drug Abuse Program (RDAP). The RDAP is scheduled to conclude near the end of August 2012, and Mr. Peters is seeking a one-year reduction in sentence upon his completion pursuant to 18 U.S.C. § 3621(e)(2)(B). The RDAP coordinator and other Federal Bureau of Prisons officials have informed Mr. Peters that he is ineligible to receive the statutory benefit due to the imposition upon sentencing of a two-level Specific Offense Characteristic involving the carrying, possession, or use of a firearm or other dangerous weapon or explosive. On April 6, 2012, Mr. Peters filed a Motion for Order of Specificity (Dkt. No. 42) seeking a court order stating that the sentencing court did not assign to him a Special Offense Characteristic. In addition, he "seeks to establish as fact that the sentencing court did not base its reason 'for assigning the particular base offense level' on any relevant conduct of a violent nature." On June 4, 2012, Mr. Peters filed a Status Motion (Dkt. No. 43) to inquire about his previously filed motion.

This court cannot resolve the issue at this time because it lacks jurisdiction to review this case before Mr. Peters has exhausted his administrative remedies.

"Exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of an administrative action by the [Federal Bureau of Prisons] . . ." *Hall v. Federal Bureau of Prisons*, No. 09–3052, 2009 WL 2009007, *2 (D. Kan. July 9, 2009) (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)). As outlined in 28 C.F.R. §§ 542.10-16, an inmate must first make an informal request to correctional staff before submitting a formal Administrative Remedy Request. § 542.13. The inmate must next file a formal Administrative Remedy Request (BP-9) according to the specifications outlined in § 542.14. If the inmate is unsatisfied with the result, the inmate can appeal to the appropriate Regional Director (BP-10) and then can appeal to the General Counsel (BP-11) according to the requirements set forth in § 542.15. The appeal to the General Counsel is the final administrative appeal. Once an inmate has completed this administrative remedy process, then the case becomes reviewable by a U.S. District Court.

In his Motion for Order of Specificity (Dkt. No. 42), Mr. Peters fails to clearly delineate the steps he has taken in the administrative process before seeking judicial review. However, in light of his Pro Se status, this court has attempted to discern this information by examining Mr. Peters's motion and its supporting documents. Mr. Peters made an informal request to correctional staff, per 28 C.F.R. § 542.13, when he "inquired of" his case manager at Leavenworth whether he had been assigned a Specific Offense Characteristic at the time of his sentencing. He apparently went on to submit a formal Administrative Remedy Request, per 28 C.F.R. § 542.14, as indicated in a letter from Amber L. Nelson, Acting Regional Director of the Federal Bureau of Prisons, attached to the

motion. After Mr. Peters's Administrative Remedy Request was apparently denied, he wrote a letter of appeal to Ms. Nelson dated November 24, 2011, per 28 C.F.R. § 542.15. Ms. Nelson denied Mr. Peters' appeal in the December 5, 2011, letter mentioned above. She advised Mr. Peters that if he was dissatisfied with her response, he could appeal to the Office of the General Counsel, and that such an appeal must be received within 30 days. Mr. Peters has provided no evidence that he appealed to the General Counsel.

Even if Mr. Peters had exhausted the available administrative remedies before filing his motion, this court still would have denied his request to specifically state that no Specific Offense Characteristic was applied, and to further state that the base offense level was not predicated on any statutory provisions. Upon review of Mr. Peters's Plea Agreement (Dkt. No. 28) and Presentence Investigation Report (Dkt. No. 34), the court finds that a two-level Specific Offense Characteristic was properly imposed at his sentencing for possession of a firearm. Mr. Peters pled guilty to one count of Use of Interstate Facility in Aid of Racketeering in violation of 18 U.S.C. 1952(a)(3). The guideline applicable to Peters's offense of conviction was U.S.S.G. 2E1.2. Interstate or Foreign Travel or Transportation in Aid of a Racketeering Enterprise. This guideline instructs that the base offense level is the greater of 6 or the offense level applicable to the underlying unlawful activity in respect to which the travel or transportation was undertaken.

In Mr. Peters's case, the underlying unlawful activity was possession of methamphetamine with intent to distribute, addressed by U.S.S.G. 2D1.1. Under the provisions of U.S.S.G. 2D1.1, the offense level assigned to Mr. Peters's unlawful activity was greater than 6 (Level 28). According to U.S.S.G. 1B1.5(b)(1), the instruction to use the offense level applicable to the underlying unlawful activity refers to the offense level from the entire offense guideline (i.e. the base offense level,

3

specific offense characteristics, cross references, and special instructions). Using the guideline manual effective Nov. 1, 2008, Mr. Peters was assigned a base offense level of 28 based on possession of 24.2212 grams of actual methamphetamine pursuant to U.S.S.G. 2D1.1(c)(6). He was also assessed two points for possession of a dangerous weapon – a firearm – under U.S.S.G. 2D1.1(b)(1). This resulted in a base offense level of 30 under U.S.S.G. 2E1.2, which was stated in paragraph 27 of the Presentence Investigation Report (Dkt. No. 34):

> 27. **Base Offense Level**: The applicable guideline for a violation of 18 U.S.C. § 1952(a)(3) is found at U.S.S.G. § 2E1.2. This guideline states the base offense level is six (6) or the offense level applicable to the underlying unlawful activity in respect to which the travel or transportation was undertaken. The underlying activity involved possession of methamphetamine with intent to distribute, therefore U.S.S.G. § 2D1.1 is used. Under U.S.S.G. § 2D1.1 the offense level is 30 as the instant offense involved 24.2214 grams of actual methamphetamine and a dangerous weapon was possessed (§ 2D1.1(b)(1)). <u>30</u>

PRESENTENCE INVESTIGATION REPORT ¶ 27. No objections were made pertaining to Mr. Peters's Presentence Investigation Report, and the court adopted it without change. Unless otherwise specified, the offense level in all cases must be calculated using the provisions of relevant conduct set forth in 1B1.3, as reflected in Mr. Peters's Plea Agreement (Dkt. No. 28):

> **4. <u>Relevant Conduct</u>**. The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § IB1.3.

PLEA AGREEMENT ¶ 4. There is no provision in either U.S.S.G. 2D1.1 or U.S.S.G. 2E1.2 that precludes using relevant conduct to determine the offense level for offenses covered under those guidelines.

IT IS ACCORDINGLY ORDERED this 24th day of July 2012, that Defendant's Motion for Order of Specificity (Dkt. No. 42) is denied.

IT IS FURTHER ORDERED that Defendant's Status Motion (Dkt. No. 43) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE